Charles Joseph WALTERS, Jr., and Denise Diane Walters, Plaintiff,

v.

The VILLAGE OF OAK LAWN, a municipal corporation, a body politic and corporate, et al., Defendants.

No. 81 C 7039.

United States District Court, N. D. Illinois, E. D.

Sept. 9, 1982.

Richard I. Bass & Assoc., Ltd., Chicago, Ill., for plaintiff.

William W. Kurnik, Judge, Kurnik & Knight, Ltd., Park Ridge, Ill., for defendants.

Patrick J. Urbut, Coghlan, Joyce & Nellis, Oak Lawn, Ill., Sarah A. Hansen, Klein, Thorpe & Jenkins, Ltd., Chicago, Ill., for Boyle.

## Memorandum

LEIGHTON, District Judge.

This is a Section 1983 action by plaintiffs Charles Joseph Walters and his wife Denise against defendants Village of Oak Lawn, its police department, and several of its police officers. Defendants move to dismiss Denise's claims for lack of subject matter jurisdiction. Also before the court is the motion of all defendants to dismiss the claims of Charles Joseph Walters. For the following reasons, the motion is granted as to the claims of the wife, and denied as to those of the husband.

Taking all well-pleaded allegations as true for the purpose of ruling on the motions, it appears that Charles Walters was arrested at a tavern in Oak Lawn on December 17, 1979, and was then placed on the cold cement floor of an unlit, unfurnished room containing only a toilet. He claims to have complained of severe headaches, dizziness, loss of feeling to his left arm and leg, numbness, paralysis and other physical problems, but he was nevertheless denied medical treatment after repeated requests.

His wife, Denise, was not arrested with her husband. Rather, her claims, as alleged in Counts IV and VII of this eight-count complaint, are predicated on the common law concept of loss of consortium. Specifically, she alleges:

> [t]hat as a direct and proximate result of one or more of the aforesaid acts and/or omissions of the defendants, the plaintiff, Denise Diane Walters, was then and there caused to lose the support, companionship and other fundamental expectancies of marriage which had formerly been a part of her relationship with Charles Joseph Walters, Jr., her lawfully wedded husband; and plaintiff was also caused to suffer great mental pain and anguish. Further plaintiff has expended and become liable for and will, in the future, expend and become liable for, large sums of money for medical care and services for her husband, Charles Joseph Walters, Jr.

The sole issue presented by the motion to dismiss is whether this court has subject matter jurisdiction over the claims of Denise Diane Walters for loss of consortium. This court's research has disclosed but one case in which a claim for loss of consortium under Section 1983 was brought. In an unpublished opinion, *Betancourt v. City of New York*, No. 80 Civ. 2727 (WCC) (Feb. 27, 1981, S.D.N.Y.), the court dismissed Mercedes Betancourt as a plaintiff for lack of jurisdiction in a Section 1983 action filed by her and her husband for her husband's false arrest and denial of medical treatment to him. In doing so, the court merely noted that there was no diversity of citizenship between Mercedes Betancourt and the defendants; that she did not have a direct claim against defendants under Section 1983; and, that her state law tort claims were not properly pendent to her husband's Section 1983 claim of deprivation of consti-

tutional rights, under *Aldinger v. Howard,* 427 U.S. 1, 14–15, 96 S.Ct. 2413, 2420–21, 49 L.Ed.2d 276 (1976).

In the opinion of this court, the question whether there is jurisdiction over the claims of Denise Diane Walters mandates a two-part analysis: whether a wife's claim for loss of consortium is cognizable under Section 1983, and if not, whether such a state claim may be deemed ancillary or pendent to her husband's Section 1983 claims.

■ Preliminarily, it is clear, that claims based on Section 1983 must allege the deprivation of a right, privilege or immunity secured by the Constitution or federal law. *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). For a viable Section 1983 claim to be set forth, a specific, articulable constitutional or federal right must be alleged to have been violated. Of course, where state and federal law parallel each other in the protection of individual rights, a federal court may not decline the duty to hear the constitutional claims. *Hall v. Tawney,* 621 F.2d 607 (4th Cir. 1980). However, rights which derive solely from state law are not actionable. *State of Mo. ex rel. Gore v. Wochner,* 620 F.2d 183 (8th Cir. 1980), *cert. denied,* 449 U.S. 875, 101 S.Ct. 218, 66 L.Ed.2d 96 (alleged violation of city ordinance); *see also Wise v. Bravo,* 666 F.2d 1328 (10th Cir. 1981) (trespass to property); *Bradford v. Bronner,* 665 F.2d 680 (5th Cir. 1981) (damage to reputation); *Cole v. Gray,* 638 F.2d 804 (5th Cir.), *cert. denied,* 454 U.S. 838, 102 S.Ct. 144, 70 L.Ed.2d 120 (1981); (loss of "good name"); *Clark v. Solem,* 628 F.2d 1120 (8th Cir. 1980) (defamation); *De Walt v. Barger,* 490 F.Supp. 1262 (M.D.Pa.1980) ("stressful psychological pressure").

The court is well aware of the fact that the Supreme Court has delineated certain areas of the family relationship to be constitutionally protected. *See, e.g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) (woman's right to choose whether to terminate pregnancy); *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972) (right to use contraceptives); *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (freedom to marry individual of another race). Of course, these cases all involved state legislation specifically formulated for the purpose of depriving individuals of rights subsequently held to be fundamental. In contrast, the case at bar involves an isolated instance of alleged abuse of an arrested man, whose wife claims that she was thereby indirectly injured.

■ This court has thoroughly reviewed the law, and must conclude that the right to consortium is not within the spectrum of interests guaranteed by the Constitution or federal law. Consortium is defined by Illinois law as that right in the spouse, arising from the marital union, to have performance by the other of all those duties and obligations in respect of the spouse which were undertaken when the husband and wife entered into the marriage relationship. *Sostock v. Reiss,* 92 Ill.App.3d 200, 47 Ill. Dec. 781, 415 N.E.2d 1094, 1098 (1st Dist. 1980). It is comprised of not only material services, "but also the elements of companionship, felicity and sexual intercourse, all welded into a conceptualistic unity." *Dini v. Naiditch,* 20 Ill.2d 406, 427, 170 N.E.2d 881 (1960); *Manders v. Pulice,* 102 Ill. App.2d 468, 242 N.E.2d 617, *aff'd,* 44 Ill.2d 511, 256 N.E.2d 330 (1968). It is not a specific, readily identifiable right which may be deemed fundamental under the Constitution. Loss of consortium, in the opinion of this court, is nothing more than a state law tort which does not rise to a constitutional level. It was held in *Sell v. Price,* 527 F.Supp. 114, 117 (S.D. Ohio 1981), that the plaintiff's allegations concerning her husband's false arrest did not, standing alone, state an invasion of a federal constitutional right.

Having concluded that no claim for relief can be set forth for loss of consortium in a Section 1983 action, the court turns to the question of whether there is jurisdiction of that state cause of action on the basis of pendent or ancillary jurisdiction. Plaintiff's theory appears to be that her claims derive from a common nucleus of operative fact; and that in the interest of judicial

economy, all related claims should be tried together. This doctrine of pendent jurisdiction, which permits a federal court to accept, in its discretion, jurisdiction of a party's non-federal claims which are intertwined with his federal claims, so long as the claims arise from a common nucleus of operative fact, was set forth in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), the court refused to allow exercise of pendent jurisdiction to bring in a defendant over whom there was no independent federal basis of jurisdiction. In this case, however, Denise Walters characterizes herself as a pendent party plaintiff. Neither *United Mine Workers* nor *Aldinger* allows the concept of pendent jurisdiction to be expanded to include pendent party plaintiffs.

A pre-*Aldinger* case is very instructive. In *Hymer v. Chai*, 407 F.2d 136 (9th Cir. 1969), the wife of a man injured in a motorcycle accident sued for loss of consortium. Her husband had brought a diversity action for recovery of damages sustained as the result of his own injuries; the wife's claim, however, did not satisfy the jurisdictional amount. The court noted that no independent basis for jurisdiction was present to support her claims, then held that her loss of consortium claim was not pendent to her husband's personal injury action.

 Even though *Hymer* was a diversity case, rather than an action under Section 1983, the result should be the same. There is, however, a conflict in the circuits; in *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir. 1969), the court held that pendent jurisdiction did exist over a wife's claim for loss of consortium as ancillary to her husband's negligence claim, based on diversity, against the same defendants. *See also Santoni v. United States*, 450 F.Supp. 608 (D.Md.1978) (federal government was a party, and hence, federal court was the sole available forum). In this court's opinion, the better view is that a claim for loss of consortium is neither ancillary nor pendent to a Section 1983 claim.

For these reasons, the motion of the defendants to dismiss the claims of Denise Diane Walters will have to be granted.

Finally, the court turns to the motion of the defendants to dismiss the claims of Charles Joseph Walters. Defendants argue that Counts I and II should be dismissed because they do not adequately allege a policy of deliberate indifference as to the treatment of individuals in custody. However, the existence of the type of detention room in which Charles Walters was placed sufficiently demonstrates a general policy of deliberate indifference on the part of the Village of Oak Lawn and the Oak Lawn Police Department, and the motion is therefore denied. The court has considered defendants' remaining arguments, and concludes that they are without merit. Accordingly, defendants' motion to dismiss the suit of Denise Diane Walters is granted, with prejudice, defendants' motion to dismiss the claims of her husband, Charles Joseph Walters, is denied, and plaintiff Charles Joseph Walters is granted leave to file an amended complaint within 21 days of the date hereof which conforms with the views expressed in this memorandum.

So ordered.