David L. BUIKEMA, and Ruth
Buikema, Plaintiffs,

v.

Louis P. HAYES, et al., Defendants.

No. 83 C 1496.

United States District Court,
N.D. Illinois, E.D.

May 20, 1983.

Gregory N. Freerksen, Stephen G. Daday, DeJong, Poltrock & Giampietro, Chicago, Ill., for plaintiffs.

Henry E. Mueller, Ancel, Glink, Diamond, Murphy & Cope, P.C., Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

Before the Court is the defendants' Motion to Dismiss Count III of the Complaint filed in the instant matter by plaintiff Ruth Buikema for failure to state a claim cognizable under 42 U.S.C. § 1983. For the reasons stated herein, the Motion to Dismiss is granted.

According to the facts alleged in the complaint, plaintiff David Buikema was arrested by police officers of the Village of Oak Brook, Illinois, for a traffic offense. Mr. Buikema was taken to the Oak Brook police station where, while making arrangements for the payment of a $50 cash bond, he was attacked and beaten by various police officers without cause or provocation. The alleged beating took place in full view of plaintiff Ruth Buikema, David Buikema's wife. David Buikema has filed suit against the individual officers and the Village of Oak Brook under 42 U.S.C. § 1983, asserting various constitutional violations. Ruth Buikema has also sued, alleging that her constitutional rights were also violated by virtue of the marital relationship in that she viewed the beating of her husband.

■ The essence of the issue in the instant case is whether a party may make a claim for intentional infliction of emotional distress under 42 U.S.C. § 1983. In the opinion of this Court, no such constitutional

claim may be made, even where the claim is based in the marital relationship.

■ It is clear that claims based in Section 1983 must allege the deprivation of a right, privilege, or immunity secured by the Constitution or by federal law. *Paratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). A viable Section 1983 claim must include specific and articulable constitutional or federal allegations. *Walters v. Village of Oak Lawn,* 548 F.Supp. 417 (N.D.Ill.1982). Where state and federal law parallel each other in the protection of individual rights, a federal court may not decline the duty to hear constitutional claims. *Hall v. Tawney,* 621 F.2d 607 (4th Cir.1980); *Walters, supra,* at 419. Nevertheless, rights which derive solely from state law are not cognizable on their own in federal court. *State of Missouri ex rel. Gore v. Wochner,* 620 F.2d 183 (8th Cir. 1980).

In the instant case, the claim stated by plaintiff Ruth Buikema is, at very most, a claim for infliction of emotional distress based in the state law of Illinois. No constitutional or federal claim is or can be made under plaintiff's theory of recovery. The presence of the marital relationship in the case at bar does not alter such a conclusion. It is well settled that the marital relationship is protected from illegal and unwarranted intrusion by the state. *Cleveland Board of Education v. LaFleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974). However, recognition of such protection is not tantamount to a rule which provides a remedy under 42 U.S.C. § 1983 to an individual whenever such individual's spouse has been wronged in violation of the constitution.

As is obvious from *Cleveland Board of Education,* certain aspects of the marital relationship are constitutionally protected. However, the cases so holding appear to be limited to specific areas of familial rights such as procreation and sexual relations, see, e.g. *Cleveland Board, supra; Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Eisenstadt v. Baird,* 405 U.S. 438, 92 S.Ct. 1029, 31 L.Ed.2d 349 (1972), or rights stemming from specific civil rights enactments. See, e.g., *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967) (freedom to marry an individual of another race). No such specific claim arising from the marital relationship can be made in the case at bar. The rights claimed in the case at bar cannot be deemed fundamental under the Constitution. *Walters v. Village of Oak Lawn, supra,* at 419 (loss of consortium not cognizable in a Section 1983 case). It has been specifically held that parents' claims of physical and emotional distress are not actionable under Section 1983. *Robinson v. McCorkle,* 462 F.2d 111 (1972). In the opinion of this Court, the marital relationship does not compel a different conclusion. The Court therefore holds that an individual's claims of emotional distress arising from alleged violations of his or her spouse's civil rights are not cognizable under Section 1983.

■ The Court now turns to whether plaintiff Ruth Buikema may state a pendant or ancillary claim under state law in the absence of an independent basis of jurisdiction. Under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) and *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), it is clear that no such claim may be entertained. Plaintiff Ruth Buikema may therefore not state an independent claim.

### Conclusion

For the reasons stated herein, no constitutional or federal claim for infliction of emotional distress may be claimed under Section 1983. Count III of plaintiff's complaint is therefore dismissed.

IT IS SO ORDERED.