**George RED ELK, et al., Plaintiffs,**

v.

**Martin VIG and Richard Dean Johnston, Defendants.**

**Civ. No. 82–5091.**

United States District Court, D. South Dakota.

Sept. 20, 1983.

James D. Leach, Rapid City, S.D., for plaintiffs.

Terence R. Quinn, Belle Fourche, S.D., for defendant Martin Vig.

Anthony F. Crawford, Rapid City, S.D., for defendant Richard Dean Johnston.

## MEMORANDUM OPINION

BOGUE, Chief Judge.

Plaintiffs are the special administrator of the estate of Phillip Red Elk and Red Elk's parents and children. Defendants Vig and Johnston allegedly intentionally struck Phillip Red Elk with the door of a moving pickup truck in which they were riding. Red Elk apparently was walking alongside the road at the time of the incident. Red Elk later died as a result of injuries received in this incident.

### I.

This case is before the Court on the Court's order that Plaintiffs establish that the Court has subject matter jurisdiction. Defendants argue that the Court lacks such jurisdiction. Plaintiffs, on the other hand, present several alternative bases for jurisdiction. Specifically, Plaintiffs argue that jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(1) (violations of 42 U.S.C. § 1985). Plaintiffs claim remedies pursuant to the Thirteenth Amendment, 42 U.S.C. § 1981 and 42 U.S.C. § 1985(3).

Each of the cited civil rights statutes depends upon the Thirteenth Amendment for authority. Therefore, the Court will not discuss the Thirteenth Amendment as an independent basis for this action.[1]

---

1. As recently as 1982, the Supreme Court refused to address whether the Thirteenth Amendment by itself creates a private right of action.

■ It appears to the Court that 42 U.S.C. § 1981 is not applicable to these facts.[2] The Supreme Court recently examined the scope of Section 1981. The Court first noted that Section 1981 reaches purely private acts of discrimination. *Runyan v. McCrary,* 427 U.S. 160, 170, 96 S.Ct. 2586, 2594, 49 L.Ed.2d 415, 424 (1976). Then the Court held that Section 1981 does "just what its terms suggest: to prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein ..." *Id.* It appears that Section 1981 was intended to allow a right of action for discrimination in consensual matters. *Johnson v. Railway Express Agency,* 421 U.S. 454, 470, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295, 307 (1975). No matter how the facts in this case are structured, it will never sound in contract. The Court holds that Section 1981 provides no remedy for Plaintiffs.

By process of elimination, the Court must decide whether 42 U.S.C. § 1985(3) [Section 1985] provides a remedy for Plaintiffs under the facts as alleged. Obviously, if Section 1985 provides a remedy, 28 U.S.C. § 1343(1) provides jurisdiction. In pertinent part, Section 1985 provides:

(3) If two ... persons in any state ... conspire ..., for the purpose of depriving, either directly or indirectly, any person ... of the equal protection of the laws, or of equal privileges and immunities under the laws, ... if one or more persons engaged therein do or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person ..., the parties so injured ... may have an action for the recovery of damages occasioned by such

injury ..., against any one or more of the conspirators.

Defendants argue that state action is an essential element of Section 1985. Plaintiffs rely primarily on *Griffin v. Breckenridge* as authority that state action is not required. 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Certainly the language of Section 1985 supports the conclusion that it provides a remedy for purely private conspiracies. Further, *Griffin* stands squarely for the proposition that private conspiracies are actionable. 91 S.Ct. at 1798. Until the Supreme Court overturns *Griffin,* it seems settled that Section 1985 does provide a private right of action. The question remaining is whether the facts alleged by Plaintiffs are actionable under Section 1985.

## II.

The facts alleged in the *Griffin* Complaint shed light on whether Plaintiffs here state a valid Section 1985 claim. Plaintiffs, in *Griffin* were Blacks who were traveling upon a Mississippi highway in a car. 91 S.Ct. at 1792. Defendants believed Plaintiffs were civil rights workers. After planning to do so, Defendants blocked the highway, stopped Plaintiffs' car and assaulted and battered Plaintiffs. Defendants intended to prevent Plaintiffs from seeking equal protection of the laws and from enjoying the equal rights, privileges and immunities of United States citizens. *Id.*

The Supreme Court recently reaffirmed that similar allegations were precisely the type that Section 1985 was designed to remedy. *Briscoe v. Lahue,* —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

[The statute which later became Section 1985] was designed specifically to provide ... civil remedies in federal court for

We need not decide whether the Thirteenth Amendment itself reaches practices with a disproportionate effect as well as those motivated by a discriminatory purpose, or indeed whether it accomplished anything more than the abolition of slavery.
*General Building Contractors v. Pennsylvania,* —— U.S. ——, ——, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982).

2. Section 42 U.S.C. § 1981 states:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

conspiratorial activities of the clan ... earlier versions of the Section enumerated precisely the activities that had been attributed to the clan—murder, manslaughter, mayhem, robbery, assault and battery, ...

*Id.* at 1117.

The Court must carefully balance the purpose of the statute with the caveat that the civil rights statutes do not create a cause of action for every assault and battery committed by two or more persons. *Griffin,* 91 S.Ct. at 1798. To prevent Section 1985 from becoming a font of federal tort law, the *Griffin* court imposed a strenuous limitation on what facts are actionable under Section 1985.

The language requiring intent to deprive of *equal* protection, or *equal* privileges or immunities, means that there must be some racial or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.

*Griffin,* 91 S.Ct. at 1798, *see also Kush v. Rutledge,* —— U.S. ——, ——, 103 S.Ct. 1483, 1487–8, 75 L.Ed.2d 413 (1983).

The *Griffin* court found authority for Section 1985 in the Thirteenth Amendment.[3] The *Griffin* court plainly declared that Congress has the power under the Thirteenth Amendment to determine what are the badges and incidences of slavery and the authority to translate that determination into effective legislation. 91 S.Ct. at 1800 (citing *Jones v. Alfred H. Mayer Co.,*

392 U.S. 409, 440, 88 S.Ct. 2186, 2203, 20 L.Ed.2d 1189 (1968)).[4]

It appears to the Court that Plaintiff, Phillip Red Elk's Section 1985 claim falls squarely within the *Griffin* decision. The Court therefore holds that Plaintiffs have alleged a Section 1985 claim on behalf of the deceased Phillip Red Elk.

### III.

While the above discussion may appear to dispose of the question, it only raises a more difficult question. Plaintiffs' Complaint contains five counts. Only Count I is the above discussed Section 1985 claim. The rest are all state tort law claims. Count II is Phillip Red Elk's state law claim for assault and battery. Count III is Phillip Red Elk's state law claim for negligence. The Court has no hesitation in holding that Counts II and III are pendent claims properly before the Court.

Counts IV and V, however, are the source of additional concern to the Court. In Count IV, Phillip Red Elk's children bring their state law claim for the alleged wrongful death of their father. Similarly, in Count V, Phillip Red Elk's parents allege the wrongful death of their son. While the Court recognizes that all of these claims arise from the exact same set of operative facts, only Counts II and III are true pendent claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218, 228 (1966). Counts IV and V contain not only pendent claims but also pendent parties.[5] Nowhere is any allega-

3. Amendment XIII [1865]
   Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
   Section 2. Congress shall have power to enforce this Article by appropriate legislation.

4. Although the *Griffin* plaintiffs were Blacks and every Thirteenth Amendment case reviewed by the Court involved Blacks, the Court does not find this fact to be distinguishable. If the *Griffin* court correctly held that the Thirteenth Amendment allowed Congress through Section 1985 to protect Blacks from conspira-

cies to commit racial violence, then every person must be so protected if equal protection is to have any meaning. But cf. *Carpenters v. Scott,* —— U.S. ——, ——, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983). ("In the first place, it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause, most notably Republicans.")

5. Plaintiff weakly argues that if Defendants violated Phillip Red Elk's Section 1985 rights, then they also violated his parents' and children's rights as well. Plaintiff, however, ig-

tion made that Defendants acted out a conspiracy to harm Phillip Red Elk's children or parents because of their race. Therefore, the Court holds that Counts IV and V are purely state law tort claims.

The Supreme Court, in its only case concerning pendent parties, rejected the concept. *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976). In *Aldinger,* the plaintiff in federal court, sued a county official individually under 42 U.S.C. § 1983 and the county pursuant to a state statute. 96 S.Ct. at 2415. The Supreme Court rejected Plaintiff's argument for pendent party jurisdiction. *Aldinger,* 96 S.Ct. at 2422. However, the Court expressly reserved ruling on any combination of parties or issues not before it.

The Court holds that exercise of pendent party jurisdiction would be improper in this case. Only the Section 1985 claim even suggests that this case should be in federal court. Plaintiffs clearly could have brought this entire action, including the Section 1985 claim in state court. See *Sisler v. West,* F.2d slip opinion No. 83–1405 at p. 2. (The Court acknowledged that a Section 1983 claim is properly cognizable in state court.) For reasons known only to Plaintiffs and their attorney, the action was brought before this Court of limited jurisdiction. The Court now holds that it lacks jurisdiction over Counts IV and V. Plaintiffs apparently rejected the forum which could have provided complete relief.[6]

## CONCLUSION

For the reasons set forth in this opinion the Court holds that Count I of Plaintiffs' Complaint states a cause of action pursuant to 42 U.S.C. § 1985. Therefore this Court has jurisdiction over the claim pursuant to 28 U.S.C. § 1343(1). Further this Court has pendent jurisdiction over Counts II and III of Plaintiffs' Complaint. However, the Court holds that it lacks jurisdiction over Counts IV and V. For the reasons stated in this opinion Defendants' motion to dismiss will be denied as to Counts I, II and III and granted as to Counts IV and V.

---

nores the necessary element of class based animus which he earlier acknowledged.

6. The Eighth Circuit has allowed pendent party jurisdiction since *Aldinger. State of North Dakota v. Merchants National Bank and Trust Co.,* 634 F.2d 368 (8th Cir.1980). However, there the court confronted a federal question which may not have been actionable in state

court. 634 F.2d at 374. Here the only restraint on Plaintiffs litigating all their claims in a single court is their choice of forum. Under such circumstances, even if pendent jurisdiction exists, it is simply a power of the Court. *Id.* at 370, footnote 3. The Court would decline to exercise that power.