Daniel CARTER and Gloria
Carter, Plaintiffs,

v.

C. DIXON, P. Malachesen, M. Potiboti
and Officer Rotkvich, and Sgt.
Anderson, Defendants.

No. 89 C 644.

United States District Court,
N.D. Illinois, E.D.

Jan. 3, 1990.

See also 718 F.Supp. 1389.

Gerald T. Donoghue, Leonard M. Ring &
Associates, P.C., Chicago, Ill., for plain-
tiffs.

Kelly R. Welsh, Corp. Counsel, City of
Chicago by Arthur Mooradian, Sharon A.
Zogas, and Taryn Springs, Asst. Corp.
Counsel, Chicago, Ill., for defendants.

ORDER

BUA, District Judge.

Plaintiffs Daniel and Gloria Carter filed
the instant action in the Circuit Court of
Cook County complaining that the defen-
dants, all of whom are Chicago police offi-
cers, used excessive force during an arrest
of Daniel Carter on December 25, 1987.
Counts I and II of the Carters' four-count
amended complaint set forth a claim based
on 42 U.S.C. § 1983 and state law claims of
assault and battery; Counts III and IV
assert loss of consortium claims on behalf
of Gloria Carter. After removing the case
to federal court pursuant to 28 U.S.C.
§ 1441(b), defendants filed a motion to dis-
miss Counts III and IV of the amended
complaint for lack of federal subject matter
jurisdiction. That motion is presently be-
fore the court.

As a preliminary matter, the court
finds no foundation for defendants' request
for dismissal—as opposed to remand—of
the loss of consortium claims. Since these

claims were removed by defendants from state court, the court's action with respect to these claims is governed by 28 U.S.C. § 1441(c), which reads:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and *the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.*

(Emphasis added.) Under this provision, if the court finds it lacks subject matter jurisdiction over certain removed claims, these claims may only be remanded to state court, not dismissed. *See Ondis v. Barrows*, 538 F.2d 904, 908 (1st Cir.1976). Therefore, the court will treat defendants' motion as requesting remand, not dismissal, of Gloria Carter's loss of consortium claims.

■ Defendants argue that the court has no jurisdiction to hear the loss of consortium claims. Since there is no independent basis for exercising federal jurisdiction over these claims, Gloria Carter is a pendent party. *See Zabkowicz v. West Bend Co.*, 789 F.2d 540, 545–46 (7th Cir. 1986). Therefore, the only way this court can hear the loss of consortium claims is if it exercises pendent party jurisdiction. The Seventh Circuit has labeled pendent party jurisdiction an "embattled concept," *see Bernstein v. Lind–Waldock & Co.*, 738 F.2d 179, 187 (7th Cir.1984), and has speculated that some day it may be rejected entirely, *see Moore v. Marketplace Restaurant, Inc.*, 754 F.2d 1336, 1360 (7th Cir. 1985). Nevertheless, our appellate court has recognized the propriety of exercising pendent party jurisdiction in appropriate circumstances. *See Zabkowicz*, 789 F.2d at

546; *Vantine v. Elkhart Brass Mfg. Co.*, 762 F.2d 511, 518–19 (7th Cir.1985); *Moore*, 754 F.2d at 1359–61 (separate opinions of Judges Posner and Gibson ruling that the district court may exercise pendent party jurisdiction). Although the court has stated that "the existence of pendent-party jurisdiction depends on the pros and cons of exercising such jurisdiction in particular circumstances," *Citizens Marine Nat. Bank v. U.S. Dept. of Commerce*, 854 F.2d 223, 226 (7th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1312, 103 L.Ed.2d 582 (1989), generally, a two-part test must be satisfied before a district court can exercise pendent party jurisdiction. *Huffman v. Hains*, 865 F.2d 920, 922 (7th Cir.1989); *Zabkowicz*, 789 F.2d at 546. First, the court must examine whether the constitutional power to exercise such jurisdiction exists. Second, the court must examine whether Congress has limited the court's power to exercise pendent party jurisdiction in the specific statutory provision conferring jurisdiction in the case. *Id.*[1]

■ In the instant case, both prongs of the jurisdictional test are satisfied. "The constitutional power to exercise pendent party jurisdiction exists if the federal claim is not frivolous, the federal and state claims 'derive from a common nucleus of operative fact', and the federal and state claims are the kind that the plaintiff 'would ordinarily be expected to try ... in one judicial proceeding.'" *Huffman*, 865 F.2d at 922. Those circumstances are clearly present here. "The statutory power to exercise pendent party jurisdiction depends upon whether 'Congress in the [particular statutory grant at issue] has ... expressly or by implication negated' the exercise of pendent party jurisdiction." *Huffman*, 865 F.2d at 922–23. Here, jurisdiction is conferred upon this court by virtue of Daniel

---

**1.** Subsequent to the decisions in *Huffman* and *Zabkowicz*, the Supreme Court issued its opinion in *Finley v. U.S.*, —— U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which rejected the application of the pendent party jurisdiction in that case. *Finley*, however, did not totally reject the concept of pendent party jurisdiction. The Court held that the statute conferring jurisdiction in that case, the Federal Tort Claims Act, "defines jurisdiction in a manner that does not reach defendants other than the United States." Thus, the Court's rejection of pendent party jurisdiction in *Finley* was based on its interpretation of the particular statute conferring federal jurisdiction in that case, an analysis wholly consistent with the two-part test which has been employed in this circuit.

Carter's § 1983 claim and pursuant to defendants' removal of the case from state court under 28 U.S.C. § 1441. The court finds nothing in either of these statutes which precludes the exercise of pendent party jurisdiction over Gloria Carter's loss of consortium claims. In fact, the broad language of § 1441(c) suggests that pendent party jurisdiction may be exercised in appropriate circumstances.

Defendants' strongest argument against the exercise of pendent party jurisdiction in this case is based on the fact that Gloria Carter is a pendent party *plaintiff.* Defendants argue that the exercise of pendent party jurisdiction has been confined to the pendent party *defendant* situation; they claim that no authority exists for expanding the concept to include pendent party plaintiffs. This argument may have some merit. In all of the Seventh Circuit and Supreme Court decisions this court has reviewed dealing with pendent party jurisdiction, not one of the cases holds that a district court may exercise jurisdiction over a pendent party plaintiff.[2] Some district courts have expressly rejected the notion of pendent party plaintiffs in cases with claims identical to those in the instant case. *See Walters v. Village of Oak Lawn,* 548 F.Supp. 417 (N.D.Ill.1982) (no pendent party jurisdiction exists over wife's loss of consortium claims brought in federal action where jurisdiction was based solely on husband's § 1983 claim); *Fritts v. Niehouse,* 604 F.Supp. 823, 827–30 (W.D.Mo.1984) (same), *aff'd,* 774 F.2d 1170 (1985).

Nevertheless, this court finds that even if it would normally be inappropriate to exercise jurisdiction over pendent party plaintiffs, the decision to exercise such jurisdiction remains within the discretion of the trial court where, as here, defendants have removed plaintiffs' action from state court. This conclusion is supported by the broad language of § 1441(c), which grants the district court the authority to hear "otherwise non-removable" claims along with removable claims, without requiring that the non-removable claims be brought by the same plaintiffs who filed the removable claims. In *Fritts, supra,* the court endorsed similar reasoning. While refusing to exercise pendent party jurisdiction over a wife's loss of consortium claim based on her husband's § 1983 claim, the court stated that it would have reached a different result if the case had been removed from state court rather than filed originally in federal court. *Fritts,* 604 F.Supp. at 829 n. 11. The court recognized that the language of § 1441(c) allows the exercise of jurisdiction over a pendent party plaintiff where the case is removed. *Id.* In accord with *Fritts,* this court holds that § 1441(c) permits the exercise of pendent party jurisdiction over Gloria Carter's loss of consortium claims in this case.

■ Determining that this court has the power to hear Gloria Carter's loss of consortium claims, however, does not end this court's inquiry. The exercise of pendent party jurisdiction is not a right belonging to any plaintiff; the decision to exercise such jurisdiction rests within the discretion of the trial court. *Huffman,* 865 F.2d at 923; *Zabkowicz,* 789 F.2d at 546. In considering whether to exercise pendent party jurisdiction, the court should look to factors such as convenience, judicial economy, and fairness to litigants. *Zabkowicz,* 789 F.2d at 546, 548. Examination of those factors in the instant case reveals that it is appropriate for this court to exercise pendent party jurisdiction over Gloria Carter's loss of consortium claims. Due to the relatedness of the loss of consortium claims to Daniel Carter's § 1983 claim and assault and battery claims, presenting all of these claims simultaneously in one court will undoubtedly save judicial time and recources. Hearing all the claims together will also be

---

**2.** None of the cases, however, addressed the issue in this case. The only Seventh Circuit cases this court has found dealing with the notion of pendent party plaintiffs are those rejecting the exercise of pendent party jurisdiction over plaintiffs who do not meet the amount-in-controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332(a). *See Sarnoff v. American Home Products Corp.,* 798 F.2d 1075 (7th Cir.1986); *Hixon v. Sherwin–Williams Co.,* 671 F.2d 1005 (7th Cir.1982). Those cases are clearly inapplicable to the instant case, which presents a federal claim.

more convenient for the parties, who will avoid shuffling back and forth between state and federal court to resolve the same or similar issues. Finally, the court believes that the interests of justice and fairness would be better served by the presentation of all the related claims to one judicial body.

Therefore, the court finds it appropriate to exercise pendent party jurisdiction over Gloria Carter's loss of consortium claims in Counts III and IV. Defendants' motion is accordingly denied.

IT IS SO ORDERED.