**UNITED NUCLEAR CORPORATION,
Plaintiff, Appellee,**

v.

**Joseph E. CANNON, M.D., etc.,
Defendant, Appellee.**

**Conservation Law Foundation of New
England, Inc., Appellant.**

No. 82–1504.

United States Court of Appeals,
First Circuit.

Argued Nov. 5, 1982.

Decided Dec. 30, 1982.

limited when the activity is noncharitable, pri-   marily commercial, or both.

Steven D. Stark, Atlanta, Ga., for appellant.

Patricia A.S. Zesk, Providence, R.I., with whom Deming E. Sherman, and Edwards & Angell, Providence, R.I., were on brief, for United Nuclear Corp.

Before COFFIN, Chief Judge, BOWNES and BROWN *, Circuit Judges.

BAILEY BROWN, Senior Circuit Judge.

The appellant Conservation Law Foundation of New England, Inc. (CLF) appeals the district court's denial of its motion to intervene of right under Fed.R.Civ.P. 24(a)(2). CLF, an environmental interest group, sought to intervene on the side of the state in an action brought by the United Nuclear Corporation challenging the constitutionality of a Rhode Island statute.

I

United Nuclear operated a nuclear fuel processing plant at Wood River Junction, Rhode Island. In August 1980, the corporation ceased this operation and began the decommission and decontamination of the facility. Because the plant was licensed by the Nuclear Regulatory Commission (NRC), its decontamination is subject to NRC regulations and, under its license, it must pay for any decontamination required by the regulations.

In May 1981, while decontamination was in progress, Rhode Island enacted a statute requiring United Nuclear to post a $10 million bond for twenty years. This bond was to defray any costs the state might incur for decontamination at the site. A month after enactment of the statute, however, a staff attorney in the Rhode Island Attorney General's office wrote an internal memorandum concluding that the statute was unconstitutional. The state Attorney General has subsequently announced that he will enforce the statute, and he denies that the internal memorandum constitutes an official opinion of the Attorney General.

On August 14, 1981, United Nuclear commenced this action challenging the constitutionality of the statute primarily under the Supremacy Clause, U.S. Const. art. 6, cl. 2, contending that the Atomic Energy Act of 1954, 42 U.S.C. §§ 2011–2282 (1976), preempts state regulation. United Nuclear and the state began settlement negotiations, but the parties reached an impasse in early 1982. A pretrial conference was held on March 17, 1982, during which the two parties and the court agreed that, due to prior informal discovery, the case could be decided on a motion for summary judgment. The same day counsel for CLF informed the parties that it would move to intervene. On April 9, 1982, seven and a half months after the commencement of the case, CLF moved to intervene under Rule 24. The district court denied the motion. CLF appeals the denial only as to intervention of right under Rule 24(a)(2).

The parties filed cross-motions for summary judgment on June 11, 1982.

To intervene of right under Rule 24(a)(2), the prospective intervenor must establish four conditions: (1) the motion was timely, (2) it has the requisite interest relating to the property or transaction which is

---

* Of the Sixth Circuit, sitting by designation.

the subject of the action, (3) the action may as a practical matter impair or impede its ability to protect that interest and (4) its interest is not adequately represented by existing parties. *Moosehead Sanitary District v. S.G. Phillips Corp.*, 610 F.2d 49, 52 (1st Cir.1979). Because CLF fails to establish that its motion was timely and that the state's representation is inadequate, it is unnecessary to address the other two conditions.

## II

The Supreme Court has emphasized that the timeliness requirement is of first importance and that denial of a motion to intervene must be upheld unless the district court abused its discretion. *NAACP v. New York*, 413 U.S. 345, 365–366, 93 S.Ct. 2591, 2602, 37 L.Ed.2d 648 (1973). This court has given additional substance to this requirement, holding that four factors determine timeliness: (1) the length of time the prospective intervenor knew or reasonably should have known of its interest before it petitioned to intervene, (2) the prejudice to existing parties due to the failure to petition for intervention promptly, (3) the prejudice the prospective intervenor would suffer if not allowed to intervene, and (4) the existence of any unusual circumstances militating either for or against intervention. *Culbreath v. Dukakis*, 630 F.2d 15, 20–25 (1st Cir.1980).

The first factor points against intervention. CLF concedes that it knew of the suit shortly after it was filed, and the publicity surrounding the case precludes any other conclusion. However, knowledge of a suit is not necessarily knowledge that one's interest is implicated. *Culbreath, supra* at 21; *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264 (5th Cir.1977). CLF contends that it waited seven and a half months because it became aware of its interest only after settlement negotiations reached an impasse in January 1982. This argument is unconvincing. It is far from clear why CLF would believe its interests were adequately represented by the state prior to and in the settlement negotiations but not after these negotiations collapsed. At any rate, CLF was surely aware that settlement negotiations often collapse. As in *Culbreath,* the existence of the interest was obvious from the time the suit was filed. 630 F.2d at 21. Moreover, although seven and a half months is not inordinately long (*Culbreath* involved a delay of four years), the Supreme Court in *NAACP v. New York, supra,* upheld a holding of untimeliness where four months had elapsed.

The second factor, the prejudice to the existing parties as a result of the delay, particularly supports a conclusion of untimeliness. By the time of the pretrial conference the parties had reached the stage where the case could be decided on motions for summary judgment. CLF's belated motion to intervene, if granted, could cause substantial delay. CLF might well seek to reopen negotiations and discuss areas already covered by the parties or seek further discovery. CLF might even seek to prevent the case from going to summary judgment. While none of these problems would necessarily have been obviated by a prompt intervention, the delay may result in the "disruption of painstaking work by the parties and the court." *Culbreath,* 630 F.2d at 22. It is also noteworthy that the motion to intervene in *NAACP v. New York* was made when the case was at the summary judgment stage. The prejudice to the existing parties, which factor *Culbreath* described as "the purpose of the basic requirement that the application to intervene be timely," 630 F.2d at 22, is substantial in the present case.[1]

The third factor also militates against intervention. CLF is not likely to suffer any prejudice at all if not allowed to intervene because, as will be discussed *infra,* the state adequately represents CLF's alleged interests.

The fourth timeliness factor adds nothing to the analysis, as there are no apparent

1. United Nuclear also pointed out that it was ready to move its equipment from the site and a delay in the decision of this case would entail additional expense.

unusual circumstances militating either for or against intervention in this case.

The four-factor analysis in this case indicates that the motion to intervene was untimely, and certainly the district court did not abuse its informed discretion in its ruling.

### III

The prospective intervenor must also demonstrate that the existing parties do not adequately represent its interests. CLF has two arguments that this condition is satisfied: (1) the internal memorandum of the Attorney General's office raises doubts about the state's commitment to defending the statute, and (2) CLF has a more specialized interest in environmental affairs than the general public interest represented by the state.

■ The prospective intervenor faces a presumption of adequacy when it has the same ultimate goal as a party. In *Moosehead Sanitary District* this court held:

> Where the party seeking to intervene has the same ultimate goal as a party already in the suit, courts have applied a presumption of adequate representation. To overcome that presumption, petitioner ordinarily must demonstrate adversity of interest, collusion, or nonfeasance.

610 F.2d at 54 (citations omitted). In this case, although CLF may have a more specialized interest, the state and CLF have the same ultimate goal of upholding and defending the constitutional validity of the Rhode Island statute. The practical litigation posture of CLF would be identical to that of the state. In this connection, in *Blake v. Pallan,* 554 F.2d 947 (9th Cir.1977), the Ninth Circuit delineated three factors on adequacy of representation:

> (1) Are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is that present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit?

*Id.* at 954–955. In the present case, each of these three factors indicates that the representation is adequate.

■ Moreover, it is significant that CLF seeks to intervene on the side of the state. The state is charged with representing the public interest, and one consequence is that a prospective intervenor that basically asserts the public interest faces a presumption that the state's representation of the public interest will be adequate. *Pennsylvania v. Rizzo,* 530 F.2d 501, 505 (3d Cir.), *cert. denied,* 426 U.S. 921, 96 S.Ct. 2628, 49 L.Ed.2d 375 (1976); 7A C. Wright & A. Miller, Federal Practice and Procedure § 1909, at 525–529 (1972). This principle applies in this case because CLF asserts essentially the public interest, rather than a personal interest. *Cf. National Farm Lines v. I.C.C.,* 564 F.2d 381, 383 (10th Cir.1977) (government representation often inadequate to protect the interests of "private proprietors").

CLF clearly fails to overcome this burden. CLF has the same argument as does the state: the statute is constitutional because the Atomic Energy Act of 1954 does not preempt the field. The Attorney General has made it clear that he intends to vigorously defend the statute. Indeed, this intention appears to be the reason that the settlement negotiations failed. All that CLF can point to is the internal memorandum concluding that the statute is unconstitutional. But the Attorney General has disavowed that view, at least for litigation purposes, and CLF does not contend that the Attorney General is in any way bound by that internal memorandum. The Attorney General, in short, appears ready, willing, and able to vigorously defend the constitutionality of the statute.

### IV

■ In summary, we conclude that the denial of CLF's motion to intervene as untimely did not constitute an abuse of discretion and that the state adequately represents CLF's interests. The district court's

denial of the motion to intervene is, accordingly, Affirmed.