UNITED STATES of America, et al., Plaintiffs, Appellees,

v.

METROPOLITAN DISTRICT COMMISSION, et al., Defendants, Appellees.

Appeal of TOWN OF HULL, Plaintiff, Intervenor, Appellant.

UNITED STATES of America, et al., Plaintiffs, Appellees,

v.

METROPOLITAN DISTRICT COMMISSION, et al., Defendants, Appellees.

Appeal of NAHANT S.W.I.M., INCORPORATED, Plaintiff, Intervenor, Appellant.

UNITED STATES of America, et al., Plaintiffs, Appellees,

v.

METROPOLITAN DISTRICT COMMISSION, et al., Defendants, Appellees.

Appeal of TOWNS OF COHASSET AND SCITUATE, Intervenors, Appellants.

Nos. 88–1493, 88–1494 and 88–1727.

United States Court of Appeals, First Circuit.

Heard Nov. 4, 1988.

Decided Jan. 6, 1989.

As Amended Jan. 12, 1989.

James L. Quarles, III, Boston, Mass., with whom Paul G. Wallach, Washington, D.C., Michael Kendall, Hale and Dorr, Boston, Mass., James B. Lampke, Hingham, Mass., Richard A. Henderson, Cohasset, Mass., Kenneth Tatarian, Michael Meagher, Boston, Mass., Gregory L. Benik and Hinckley, Allen, Snyder & Comen, Providence, R.I., were on brief for appellants.

Andrew S. Hogeland, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief for the U.S.

Douglas H. Wilkins, Asst. Atty. Gen., for Metropolitan Dist. Com'n and John M. Stevens, for Massachusetts Water Resources Authority, with whom James M. Shannon, Atty. Gen., and Foley, Hoag & Eliot, Boston, Mass., were on brief for the Com. of Massachusetts.

Before BOWNES and SELYA, Circuit Judges, and CAFFREY,* Senior District Judge.

BOWNES, Circuit Judge.

The towns of Cohasset, Scituate, and Hull, and the public interest group, Nahant S.W.I.M., appeal an order by the district court which denied their motions to intervene in this case which involves the cleanup of Boston Harbor. We affirm.

## I. BACKGROUND

The district court consolidated two cases designed to remedy the pollution of Boston Harbor resulting from sewage and other wastewater discharge, one brought in June 1983 by the Conservation Law Foundation of New England against the Metropolitan District Commission ("MDC") and the Environmental Protection Agency ("EPA"),[1] and the other brought on January 31, 1985 by the United States on behalf of the EPA against the MDC, the Commonwealth of Massachusetts, the Massachusetts Water Resources Authority ("MWRA") and the Boston Water and Sewer Commission. The cities of Quincy and Winthrop moved to intervene on July 1, 1985 and their motions were granted.

On September 5, 1985, the district court found the MDC and the MWRA to be in violation of the Federal Water Pollution

---

* Of the District of Massachusetts, sitting by designation.

1. The EPA was dismissed as a defendant on September 5, 1985.

Control Act ("FWPCA") and granted partial summary judgment. *United States v. Metropolitan District Commission*, 23 Envir. Rep. Cases (BNA) 1350 (D.Mass.1985). After extensive negotiations with the parties, the district court issued on May 8, 1986, a long-term scheduling order in which the MWRA was to build a primary treatment facility by 1995, a secondary treatment facility by 1999, and construct an outfall pipe to remove this partially treated sewage and deposit it elsewhere. The district court did not determine where the outfall pipe would discharge the effluent; this was left to the administrative agency, the MWRA.

On June 24, 1986 the MWRA filed an environmental notification form ("ENF"), published in the *Environmental Monitor*, giving formal notice that the process for selecting a terminus site for the pipe had begun and listing Massachusetts Bay as a possible site.[2] In the spring of 1987, the news media reported specific sites in Massachusetts Bay that the MWRA was considering for the location of the outfall pipe terminus.

In October, 1987, Nahant S.W.I.M. and the towns of Hull, Cohasset, Scituate, Marshfield and Hingham sought to intervene in the case pursuant to both 33 U.S.C. § 1365(b)(1)(B) of the FWPCA and Fed.R. Civ.P. 24, in order to protect their rights to unpolluted bay water which might be threatened by siting the terminus of the sewage outfall pipe in Massachusetts Bay.

The district court, in a Memorandum and Order dated February 8, 1988, held that the motions were untimely and denied them. Cohasset, Scituate, Hull, and Nahant S.W.I.M. appeal this ruling.

## II. COHASSET AND SCITUATE

■ The district court issued its order concerning intervention on February 8,

1988. Hull and Nahant S.W.I.M. filed notices of appeal within the required 60 days of the order; Hull filed on March 8, 1988 and Nahant S.W.I.M. filed on March 9, 1988. Cohasset and Scituate, however, did not file their joint notice of appeal until June 27, 1988.

The Federal Rules of Appellate Procedure are clear that late appeals such as those made by Cohasset and Scituate (4½ months after the court order) are not allowed. Fed.R.App.P. 3, 4.[3] Moreover, Fed.R.App.P. 26(b) states that "the court may not enlarge the time for filing a notice of appeal." The Supreme Court has recently reiterated this principle:

> Permitting courts to exercise jurisdiction over unnamed parties after the time for filing a notice of appeal has passed is equivalent to *permitting courts to extend the time for filing a notice of appeal.* Because *the rules do not grant courts the latter power,* we hold that the rules likewise withhold the former.

*Torres v. Oakland Scavenger Co.*, — U.S. —, —, 108 S.Ct. 2405, 2408, 101 L.Ed.2d 285 (1988) (emphasis added).

We conclude that there is no appellate jurisdiction over Cohasset's and Scituate's appeal.

## III. HULL AND NAHANT S.W.I.M.

■ The FWPCA provides that if the State has commenced a lawsuit to require compliance with an effluent standard or limitation or an order with respect to such a standard or limitation, "any citizen may intervene as a matter of right" in any such action. 33 U.S.C. § 1365(b)(1)(B). The district court held that the intervenors were too late to intervene on the liability issue, and too early to intervene on the enforcement issue. It held that effluent limitations were no longer at issue because the

---

**2.** The ENF stated that the MWRA will construct an "outfall structure to convey effluent from the new treatment plant to Boston Harbor or Massachusetts Bay."

**3.** Fed.R.App.P. 4(a)(1) states: "In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the

notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry."

liability phase of the case was completed, and only issues of enforcement remained. It also held that "[u]ntil the outfall is finally sited and a standard imposed which is threatened by the development of a sewage (sic) system which includes the outfall, the only prerequisite to maintaining an intervention motion has not been met." *United States v. Metropolitan District Commission*, 679 F.Supp. 1154, 1159 (D.Mass.1988).

Fed.R.Civ.P. 24 dictates that any motion to intervene must be timely.[4] *See NAACP v. New York*, 413 U.S. 345, 365, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648 (1973). We have established four factors for evaluating the timeliness issue: (i) the length of time the prospective intervenors knew or reasonably should have known of their interest before they petitioned to intervene; (ii) the prejudice to existing parties due to the intervenor's failure to petition for intervention promptly; (iii) the prejudice the prospective intervenors would suffer if not allowed to intervene; and (iv) the existence of unusual circumstances militating for or against intervention. *Culbreath v. Dukakis*, 630 F.2d 15, 20–24 (1st Cir.1980). *See also Garrity v. Gallen*, 697 F.2d 452, 455 (1st Cir.1983); *United Nuclear Corp. v. Cannon*, 696 F.2d 141, 143 (1st Cir.1982).

The district court carefully addressed each of these factors and concluded: (i) that "it had been obvious since the inception of the MWRA in 1985 that one solution to the disposal problem was the construction of an outfall somewhere in the Massachusetts Bay," *United States v. Metropolitan District Commission*, 679 F.Supp. at 1160; (ii) that "any attempt to relitigate decided issues would clearly prejudice the existing parties" and "[a]llowing intervention, even if limited to the specific issue of the outfall, necessarily brings with it the risk that other, settled issues ... would also be implicated," *id.* at 1161–62; (iii) that the prospective intervenors would not be prejudiced because "it is not at all clear

that the construction of the treatment plant and outfall pipe will *necessarily* result in violation of *any* effluent standard" and that the towns had other avenues for influencing the decisions relating to the location of the outfall pipe, as such decisions will not be made by the court, but by the parties "in political and administrative fora open to the influence of the petitioners," *id.* at 1163 (emphasis in original); and (iv) that the magnitude and importance of this case requires bringing the pollution of Boston Harbor "under meaningful control as soon as possible ... [and that] the introduction of new parties into this case at this time will fundamentally change the dynamics of the processes at work in this case," *id.* at 1164.

The Supreme Court has established that the standard of review on an appeal of timeliness is abuse of discretion.

> Timeliness is to be determined from all the circumstances. And it is to be determined by the court in the exercise of its sound discretion; unless that discretion is abused, the court's ruling will not be disturbed on review.

*NAACP v. New York*, 413 U.S. at 366, 93 S.Ct. at 2603. We have followed this teaching.

> The determination of timeliness is within the sound discretion of the district court; we cannot disturb the district court's findings on this point unless an abuse of discretion has been demonstrated.

*Garrity v. Gallen*, 697 F.2d at 455. *See also United Nuclear Corp. v. Cannon*, 696 F.2d at 143; *Culbreath v. Dukakis*, 630 F.2d at 24.

We have reviewed the timeliness analysis that was undertaken by the district court against the *Culbreath* standards, and find that there was no abuse of discretion. The district court is in the best position to judge the impact of intervention at this time in this complex ongoing litigation that has already consumed years of attention by the

---

4. Fed.R.Civ.P. 24 states: "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property

or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

court. There is nothing in the record to suggest that the district court abused its discretion in coming to the conclusions it did. "[T]he purpose of the basic requirement that the application to intervene be timely is to prevent last minute disruption of painstaking work by the parties and the court." *Culbreath v. Dukakis*, 630 F.2d at 22. We believe that the district court has reasonably concluded that such a disruption would occur if intervention was permitted at this juncture. The towns have the option of pursuing their concerns regarding the location of the outflow pipe in the administrative arena where the decision of the pipe location is to be made. Moreover, if after the location decision is made by the agency, the towns still feel that their interests will be harmed, they will be able to avail themselves of judicial remedies at that point; they can seek judicial review of whether the agency has satisfied its obligations under NEPA and the applicable state statutes.

The appeals of Cohasset and Scituate are dismissed as untimely. As to the remaining appellants, the district court's denial of the motion to intervene is affirmed.