**Julian C. TOWNSEND and Isabel Townsend, Plaintiffs,**

v.

**QUALITY COURT MOTELS, INC. and Henry Topel, Defendants.**

**Civ. A. No. 4317.**

United States District Court, D. Delaware.

March 8, 1972.

John R. Bowman, Wilmington, Del., for plaintiffs.

William F. Taylor, Wilmington, Del., for defendants.

OPINION AND ORDER

STEEL, District Judge:

This is a diversity of citizenship case in which the plaintiffs, Julian C. Townsend and his wife, Isabel Townsend, are both citizens of New York, the defendant Quality Court Motels, Inc., is a Delaware corporation with its principal place of business in Maryland, and the defendant Topel is a citizen of Delaware. Julian demands judgment in the sum of $100,000 for personal injuries resulting from defendants' alleged negligence. His wife Isabel demands judgment for $5,000 for loss of services and consortium of her husband, Julian.

Defendants have moved to dismiss Isabel's claim on the ground that she has failed to allege a claim for the necessary jurisdictional amount of more than $10,000 required by 28 U.S.C. § 1332(a)(1).

Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3d Cir. 1968) was a malpractice case against a hospital and two physicians in which jurisdiction was asserted solely on the basis of diversity.

Because plaintiff's claims against some defendants exceeded $10,000, pendent jurisdiction over all claims was upheld despite the fact that plaintiff's claim against one defendant was limited by statute to less than $10,000. The court said (p. 153):

> "In recent years this court has taken the lead in recognizing diversity jurisdiction over an entire lawsuit in tort cases presenting closely related claims based, in principal part at least, on the same operative facts and normally litigated together, even though one of the claims, if litigated alone, would not satisfy a requirement of diversity jurisdiction."

Although *Jacobson*, unlike the instant case, involved the claim of a single plaintiff, the court supported its decision by citing Wilson v. American Chain and Cable Co., 364 F.2d 558 (3d Cir. 1966). There jurisdiction was held to exist over a father's claim for less than $10,000 in medical expenses for his son's injury since the son asserted a claim in excess of the jurisdictional amount.

Morris v. Gimbel Bros., 246 F.Supp. 984 (E.D.Pa.1965) also relied upon by *Jacobson*, presents a situation not significantly different from that at bar. In a single action, the plaintiff wife sued for damages for personal injuries and the husband sued for loss of his wife's consortium and services. After finding that the husband's claim was not in excess of the jurisdictional amount, the court, upon noting that Pennsylvania had long recognized the complementary nature of the husband's and wife's actions, found the husband's claim for consortium to be within the pendent jurisdiction of the court.

 The courts in Delaware, where the injury to Julian occurred, likewise recognize the complementary nature of a claim for loss of consortium. The consortium claim in Delaware is completely derivative and arises from the injury to the husband. Absent the latter, the claim of the wife for loss of consortium would be nonexistent. Folk v. York-

Shipley, Inc., 233 A.2d 451 (Del.Super. 1967); aff'd 239 A.2d 236 (Del. 1968). The consortium claim of the wife is dependent on her husband establishing liability for his injuries. Slovin v. Gauger, 193 A.2d 452 (Del.Super. 1963), aff'd 200 A.2d 565 (Del.1963).

 The claim of Isabel, the wife, is closely related to that of Julian, her husband. Both claims would normally be litigated together but for the alleged insufficiency of the amount of Isabel's claim, as is customary in the Delaware state courts. Yonner v. Adams, 53 Del. 229, 167 A.2d 717 (1961); Slovin v. Gauger, *supra*. Thus the claim of Isabel, although for only $5,000, satisfies the test of *Jacobson* for the existence of pendent jurisdiction.

The motion to dismiss the claim of the plaintiff, Isabel Townsend, is denied.

So ordered.