Gary **REDDEN**

v.

**CINCINNATI, INCORPORATED.**

Mrs. Yvonne S. **REDDEN**

v.

**CINCINNATI, INCORPORATED.**

Civ. A. Nos. 2446, 2475.

United States District Court,
N. D. Georgia,
Rome Division.

Sept. 22, 1972.

Mundy, Gammage & Cummings, Cedartown, Ga., for plaintiffs.

Rogers, Magruder & Hoyt, Rome, Ga., for defendant.

## ORDER

O'KELLEY, District Judge.

These diversity cases present a question of federal jurisdiction not yet decided in the Fifth Circuit. The facts are not in dispute.

Gary Redden, the plaintiff in one of the cases, was allegedly injured while operating a piece of equipment manufactured by the defendant in these cases. Mrs. Yvonne S. Redden is the wife of the injured.

The plaintiffs filed separate suits in the Superior Court of Polk County. The husband's case seeks damages in the total amount of $450,000.00 for his personal injuries received as the proximate result of the alleged negligence of the defendant. The wife seeks damages in the amount of $9,950.00 as the alleged result of the loss of consortium of her husband growing out of his injuries. Both cases arise out of the same factual situation, one being for the personal injuries and one for loss of consortium. The plaintiffs are both residents of Georgia and the defendant is a non-resident of Georgia.

The defendant removed both cases to the Rome Division of this Court. The defendant then filed a motion for consolidation of the two cases and the plaintiff wife has filed a motion to remand her case to the State Court for lack of jurisdictional amount.

The defendant contends that the principle of pendent jurisdiction should attach to the wife's case in order that it should be retained with the husband's case over which there is no question as to the Court's jurisdiction.

The principle of pendent jurisdiction arose under Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) and was liberalized in United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This Court has understood that principle to allow a state claim to attach to a federal claim in order to dispose of all parallel remedies in one case. It has generally been viewed that the principle applied only where multiple claims or "causes of action" involved the same parties such as one plaintiff and one defendant. The Court defined this principle as follows:

"Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and the Treaties made, or which shall be made, under their Authority * * *,' U.S.Constitution, Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. . . . The state and

federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." p. 725, 86 S.Ct. p. 1138.

The case before this Court involves the same defendant but separate plaintiffs and separate causes of action, neither of which are federal in nature. This Court has jurisdiction over one claim solely by virtue of the amount involved and the diversity of citizenship of the parties. In the second case [the wife's] diversity exists but the jurisdictional amount is lacking; therefore, jurisdiction can be retained only if that claim is pendent to the husband's case.

A series of cases originating in the Third Circuit have extended pendent jurisdiction to cover a similar situation. Wilson v. American Chain & Cable Company, Inc., 364 F.2d 558 (3 Cir. 1966); Jacobson v. Atlantic City Hospital, 392 F.2d 149, 153–155 (3 Cir. 1968); Borror v. Sharon Steel Co., 327 F.2d 165, 172–174 (3 Cir. 1964); Townsend v. Quality Court Motels, Inc., 338 F.Supp. 1140 (D.Del.1972); Obney v. Schmalzreid, 273 F.Supp. 373 (W.D.Pa.1967); Newman v. Freeman, 262 F.Supp. 106 (E.D.Pa.1966); and Morris v. Gimbel Bros., Inc., 246 F.Supp. 984 (E.D.Pa.1965). It should be pointed out that none of those cases arose under the identical circumstances as the case *sub judice.* The Third Circuit cases are Pennsylvania cases and are colored by the fact that Pennsylvania law *requires* redress in a single suit in such a situation.

■ The Ninth Circuit has refused to follow the Third Circuit stating "joinder of claims, not joinder of parties, is the object of the doctrine. [Pendent jurisdiction]. It was not designed to permit a party without a federally cognizable claim to invoke federal jurisdiction by joining a different party plaintiff asserting an independent federal claim growing out of the same operative facts." Hymer v. Chai, 407 F.2d 136, 137 (9 Cir. 1969). In the case most nearly analogous to the ones presently before the Court, the Court speaking through then Circuit Judge Blackman, now Justice Blackman, applied the pendent jurisdiction principle to separate parties and separate cases such as the one here involving loss of consortium. That case arose in the state of Arkansas where a claim for loss of consortium is a derivative action and is contingent upon the success of the spouse's claim. Hatridge v. Aetna Casualty & Surety Company, 415 F.2d 809 (8 Cir. 1969). This is not true in Georgia where a consortium suit is not as a matter of law included within the same action as the injury to the spouse and a judgment in one case is not *res judicata* in the other. Fenster v. Gulf States Ceramic, 124 Ga.App. 102, 182 S.E.2d 905 (1971) and Russ Transport, Inc. v. Jones, 104 Ga.App. 612, 122 S.E.2d 282 (1961).

■ The Court finds no authority in this Circuit and no reason to believe that this Circuit will follow the extension as applied in the Third and Eighth Circuits particularly in view of the difference in state law in Georgia as applied to Arkansas and Pennsylvania in the cases decided in those two circuits. This court has previously dealt with this subject in Campbell v. City of Atlanta, 277 F.Supp. 395 (N.D.Ga.1967) and with the same result as now.

The Court is sympathetic with the views of the defendant in this case. As a practical matter, the Third and Eighth Circuit opinions make good sense, they avoid multiple actions and thereby reduce the cost of litigation and the overloading of the judicial system with multiple lawsuits in different forums. There is no logical reason why the consortium case and the personal injury case should not be litigated in one action whether that be in the state or federal courts. Nevertheless, under the law as this Court finds it, I am compelled to

**1232**

deny defendant's motion to consolidate and to remand the wife's case to the Superior Court of Polk County.

By way of summary, defendant's motion to consolidate Cases 2446 and 2475 is denied. Plaintiff's motion to remand Case No. 2475 is granted.

It is so ordered.