Oasia Lee **BARNES**, Plaintiff,

v.

Sgt. Fred **CHILDS** et al., Defendants.

No. GC 73–63–K.

United States District Court,
N. D. Mississippi,
Greenville Division.

June 26, 1974.

On Motion to Alter and Amend Judgment
July 23, 1974.

Charles Victor McTeer, Mound Bayou, Miss., for plaintiff.

Roger Googe, Asst. Atty. Gen., Jackson, Miss., for Childs.

Jeffrey A. Levingston, Cleveland, Miss., for Reed.

## MEMORANDUM ORDER

KEADY, Chief Justice.

In this civil rights action, plaintiff, Oasia Lee Barnes, an inmate at Mississippi State Penitentiary, Parchman, Mississippi, instituted suit to recover damages under 42 U.S.C. §§ 1983, 1985 and 1988 for injuries received as a result of a violent attack by one Bobby Reed,[1] a fellow inmate at the prison. Plaintiff contends deprivation under color of state law of rights, privileges and immunities secured by the First, Eighth and Fourteenth Amendments to the Constitution.

The named defendants are Bobby Reed, Fred Childs, Camp Sergeant responsible for security at the camp where the alleged incident occurred, and William I. Hollowell, Superintendent.

Jurisdiction is asserted under 28 U.S. C. § 1343(2), (3) and (4).

According to the complaint, the incident giving rise to suit occurred on or about March 19, 1973, at Camp 1 at Parchman. On the morning of that day, Reed allegedly viciously assaulted plaintiff by pouring a mixture of lye upon plaintiff's face and head while he was lying in bed; as a result plaintiff suffered serious permanent injuries. The complaint indicates that the attack was prompted by plaintiff's rejection of defendant's homosexual advances.

▆▆ The sole issue presently before the court is a motion to dismiss filed on behalf of Reed. We note that plaintiff has the benefit of retained counsel; thus, we may review the adequacy of the complaint somewhat more strictly than if he were proceeding pro se. Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We are of the opinion that plaintiff has not asserted a cause of action against Reed maintainable under the stated civil rights statutes, 42 U.S.C. §§ 1983, 1985 and 1988. There is no express allegation in the complaint, nor can it be fairly implied from facts set forth in the complaint, that Reed was at any time acting under color of state law, either by ordinance, regulation, prison rule, custom or usage as required by § 1983.

We believe that the issue is controlled by the reasoned opinion of the Seventh Circuit in United States ex rel Miller v.

---

1. Although the complaint refers to defendant as Bobby Reid, the correct spelling of defendant's name is Reed.

Twomey, 479 F.2d 701 (1973). There, an inmate (Gutierrez) sued a fellow inmate (Bobby Bright) and prison officials under § 1983 alleging infliction of cruel and unusual punishment in violation of the Eighth Amendment. Gutierrez had been severely injured when Bright had attacked him with a baseball bat. On appeal, Gutierrez' suit was consolidated with two other cases relating to the internal administration of prisons. The Seventh Circuit, affirming the district court, held that no federal cause of action had been stated against Bright, in the following language:

"There is no question about the fact that Gutierrez was severely injured by Bobby Bright, a fellow inmate, but it is equally clear that he has not alleged a federal claim against Bright. It is not contended that Bright was acting under color of state law, either because he was carrying out a specific order of a correction officer or because he had been granted certain authority which enabled him to harm the plaintiff. Bright was not a 'trusty' authorized to supervise fellow inmates. Cf. Roberts v. Williams, 456 F.2d 819 (5 Cir. 1971). The assault committed by Bright was a common law tort; he did not violate § 1983." 479 F.2d at 719.

Thus, in the instant case, any relief against defendant Reed must be sought on the basis of common law intentional tort in the appropriate state court of competent jurisdiction. We, of course, express no view as to plaintiff's claim that defendant prison officials violated plaintiff's constitutional rights by refusing to protect plaintiff, either because of negligence or intentional inaction, from the homosexual advances and ultimate attack by Reed. That issue is not before us presently, and, since an adequate factual basis for such a claim clearly appears in the complaint, it would be improper to make such a determination on the basis of a motion to dismiss.

We note that there are no facts appearing in the complaint to support a conspiracy claim under § 1985; and, since no federally protected cause of action has been stated on independent grounds falling within the scope of §§ 1983 and 1985, § 1988 is inapplicable as to Reed. Moor v. County of Alameda, 411 U.S. 693, 705, 93 S.Ct. 1785, 1793, 36 L.Ed.2d 596, 607 (1973). See also Fn. 17, 411 U.S. at 704, 93 S.Ct. at 1793, 36 L.Ed.2d at 606. The complaint, of course, fails to allege diversity of citizenship, federal question, or other ground of federal jurisdiction.

Accordingly, plaintiff's suit against defendant Bobby Reed is hereby dismissed, but without prejudice to reassert any claims arising out of these facts in the appropriate state court of Mississippi.

## MEMORANDUM ORDER DENYING PLAINTIFF'S MOTION TO ALTER AND AMEND JUDGMENT

This action is now before the court on motion of plaintiff, Oasia Lee Barnes, to alter and amend its order dated June 26, 1974, dismissing Bobby Reed as a party defendant. By that order, the court ruled a lack of a federal jurisdictional basis appearing in the complaint for which Reed could be held accountable. Thus, we stated that "any relief against defendant Reed must be sought on the basis of common law intentional tort in the appropriate state court of competent jurisdiction." Plaintiff presently contends that the court erroneously failed to consider the possibility of extending pendent jurisdiction over the state law claim against Reed.

Pendent jurisdiction pertains to the concept whereby a federal district court, in the exercise of jurisdiction over a federal law claim properly before it, may also, in its discretion, proceed to extend jurisdiction over a related state law claim where both claims arise from a "common nucleus of operative facts." United Mine Workers of America v.

Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Although *Gibbs* specifically dealt with joinder of related pendent *claims*, the decision has been cited to support the proposition that federal courts have the judicial power to exercise jurisdiction over "pendent parties", whether as plaintiff or defendant, provided the "common nucleus of operative fact" test is satisfied. Connecticut General Life Ins. Co. v. Craton, 405 F.2d 41 (5 Cir. 1968); Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800 (2 Cir. 1971); Nelson v. Keefer, 451 F.2d 289 (3 Cir. 1971); Beautytuft, Inc. v. Factory Ins. Ass'n, 431 F.2d 1122 (6 Cir. 1970); Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809 (8 Cir. 1969); Stone v. Stone, 405 F.2d 94 (4 Cir. 1968).

The aforementioned trend, however, is in sharp conflict with other lower federal court decisions which have rejected the principle of "pendent parties" and have steadfastly maintained that the essence of the concept of pendent jurisdiction is joinder of closely related or interwoven claims between the same parties. Accordingly, it has been held that pendent jurisdiction is not applicable to a party where no independent federal jurisdiction exists. Hymer v. Chai, 407 F.2d 136 (9 Cir. 1969); Redden v. Cincinnati, Inc., 347 F.Supp. 1229 (N.D.Ga 1972); Payne v. Mertens, 343 F.Supp. 1355 (N.D.Cal.1972); Barrows v. Faulkner, 327 F.Supp. 1190 (N.D.Okl.1971); Letmate v. Baltimore & O. R. Co., 311 F.Supp. 1059 (D.C.Md.1970).

The Supreme Court was afforded an opportunity to resolve the conflict between the lower courts in the recent case of Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d .596 (1973), although it expressly avoided doing so. The Court characterized a "pendent party" as one implicated in the litigation "only with respect to the pendent state law claim and not also with respect to any claims as to which there is an independent basis of federal jurisdiction." 411 U.S. at 713, 93 S.Ct. at 1797. The Court merely noted the diversity of thought regarding pendent jurisdiction and stated that whether there exists judicial power to hear a state law claim against a pendent party is "a subtle and complex question of far-reaching implications." 411 U.S. at 715, 93 S.Ct. at 1799, 36 L.Ed.2d at 613.

Although the *Moor* decision offered scant guidance regarding the outer limit of judicial power of federal courts to exercise pendent jurisdiction, the Court did reaffirm the discretionary nature of the concept. Therefore, assuming, arguendo, the power of this federal court to hear and determine the state law claim against Reed along with plaintiff's federal civil rights claims against co-defendants, William I. Hollowell and Fred Childs, we decline to do so as a matter of comity and respect for the competence of the remedies available in the state courts of Mississippi.

Accordingly, plaintiff's motion to alter and amend is denied.