**Nelda H. DAVIS, Plaintiff,**

v.

**Min Cha AUL, Defendant.**

**Civ. A. No. 89–H–368–S.**

United States District Court,
M.D. Alabama, S.D.

Oct. 31, 1989.

Pittman, Whittaker & Pittman, Richard W. Whittaker, Enterprise, Ala., for plaintiff.

Cassady, Fuller & Marsh, Kenneth T. Fuller, Enterprise, Ala., for defendant.

## ORDER

HOBBS, Chief Judge.

In April, 1989, plaintiff filed a diversity claim in this court alleging damages exceeding $50,000 for injuries sustained in a car accident. On September 22, 1989, plaintiff sought to amend her complaint to add her spouse as a party plaintiff and his claims. The spouse alleges that he has suffered $5,000 damages from medical expenses and loss of his wife's services. On October 4, 1989, the Court decided that, unless the husband's claims met the jurisdictional amount for diversity jurisdiction, the Court would have to deny the motion to amend the complaint for lack of subject matter jurisdiction. The plaintiff has requested that the Court reconsider its posi-

---

tion and exercise pendent jurisdiction over her spouse's claim.

The plaintiff raises a perplexing pendent party jurisdiction problem. The question the plaintiff puts to this Court is whether a federal district court has the power to exercise pendent jurisdiction over a spouse's jurisdictionally deficient loss of consortium claim when the other spouse's personal injury claim is properly in federal court. Common sense dictates that loss of consortium is precisely the type of claim in which pendent jurisdiction is appropriate; loss of consortium and personal injury claims necessarily share a "common nucleus of operative facts" such that one would ordinarily expect the two claims to be tried in the same judicial proceeding. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Furthermore, "considerations of judicial economy, convenience and fairness to litigants" all point to exercising pendent jurisdiction in this type of case. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139. What makes this problem so difficult, then, is that the Court finds itself constrained to reach a result which defies common sense.

In *Gibbs*, the Supreme Court gave a broad sweep to the constitutional power of federal courts to exercise pendent jurisdiction. A federal court's constitutional power was limited only by the strength of the relationship between the federal and state claims. Since its decision in *Gibbs*, however, the Supreme Court has revisited the issue of pendent jurisdiction several times, *Finley v. United States*, — U.S. —, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973), and, in each case, has narrowed the federal courts' power to hear pendent party claims.

With respect to pendent parties in diversity actions, the Supreme Court has held it insufficient to merely satisfy the Constitutional minimums set out in *Gibbs* for exercising federal jurisdiction. Federal court jurisdiction over diversity claims is limited further by statute. As the Supreme Court interprets it, the statute conferring federal jurisdiction over diversity claims, 28 U.S.C. sec. 1332, evinces a Congressional intent to preclude the exercise of federal jurisdiction over pendant parties who do not meet the requirements of that statute. Thus, in *Zahn*, the Supreme Court "refused to adopt a rule that would allow putative plaintiffs who could not meet the jurisdictional amount to assert claims pendent to jurisdictionally sufficient claims." *Finley v. United States*, 109 S.Ct. at 2020 (Stevens, J., dissenting). Similarly, in *Kroger* the Supreme Court rejected pendent party jurisdiction where it circumvented the requirement of complete diversity. *Kroger*, 437 U.S. at 377, 98 S.Ct. at 2404.

Regardless, then, that there may be complete identity of proof as to factual and legal issues, the Supreme Court's position is that, where the parties' claims are "separate and distinct demands," each party must meet the jurisdictional requirements of 28 U.S.C. sec. 1332. *Zahn*, 414 U.S. at 294, 94 S.Ct. at 508. "Neither the convenience of litigants nor considerations of judicial economy can suffice to justify" an expansion of federal jurisdiction beyond the grant commanded by Congress. *Kroger*, 437 U.S. at 377, 98 S.Ct. at 2404. Our own Eleventh Circuit has conceded that, in the wake of these Supreme Court cases, "pendent party jurisdiction has been ... rejected in the context of diversity jurisdiction." *Williams v. Bennett*, 689 F.2d 1370, 1379 (11th Cir.1982), *cert. denied*, 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). With this in mind, this Court must consider whether the claims of plaintiff and her spouse are "separate and distinct" such as would require each party to meet the criteria of 28 U.S.C. § 1332.

As the parties in this cause concede, the case law in Alabama leaves no doubt that a spouse's loss of consortium cause of action is independent of the other spouse's personal injury claim. "It has long been the law that the ... husband has a separate right of action for recovery on the consequential damages to him such as cost of medical expenses due to injury to his wife."

*Alabama Farm Bureau Mutual Casualty Insurance Co. v. Williams*, 365 So.2d 315 (Ala.Civ.App.1978); *see also, Mattison v. Kirk*, 497 So.2d 120 (Ala.1986). Concluding that a loss of consortium claim in Alabama is "separate and distinct" from a personal injury cause of action, this Court finds that the husband's claim independently must satisfy the fifty thousand dollars jurisdictional amount.

The plaintiff directs this Court's attention to two cases. In *Hatridge v. Aetna Casualty & Surety Co.*, 415 F.2d 809 (8th Cir.1969), the Court exercised its pendent jurisdiction power over a wife's $9,999.99 loss of consortium claim to defeat her motion for remand to state court. The court in *Hatridge*, however, found that under Arkansas law the husband's personal injury claim and the wife's loss of consortium claim were interdependent and, as such, supported an exercise of pendent jurisdiction. *Hatridge*, 415 F.2d at 816.[1] The court in *Townsend v. Quality Court Motels*, 338 F.Supp. 1140 (D.Del.1972), the second case plaintiff cites, follows the same logic.[2]

While these decisions surely make sense and avoid wasteful duplication of effort, this Court cannot follow them. The claims of plaintiff and her husband are "separate and distinct" claims under the law of Alabama. As stated by Judge O'Kelley when faced with this exact question, "there is no logical reason why the consortium case and the personal injury case should not be litigated in one action.... [n]evertheless, under the law as this Court finds it, I am compelled" to dismiss the husband's loss of consortium claim for want of subject matter jurisdiction. *Redden v. Cincinnati, Inc.*, 347 F.Supp. 1229 (N.D.Ga.1972).

Plaintiff's motion for reconsideration and motion to amend to add a party plaintiff are DENIED.

---

1. This Court notes that at least two courts have questioned *Hatridge's* continued viability in light of *Zahn, Aldinger*, and *Kroger. North Dakota v. Merchants National Bank & Trust Co.*, 634 F.2d 368, 372 n. 7 (8th Cir.1980); *Fritts v. Niehouse*, 604 F.Supp. 823, 829 (W.D.Mo.1984), *aff'd*, 774 F.2d 1170 (8th Cir.1985). In *Niehouse*, the district court squarely holds that it lacks jurisdiction over a loss of consortium claim for less than the jurisdictional amount.

2. Both *Hatridge* and *Townsend* relied heavily on a string of Third Circuit cases where the Court exercised pendent jurisdiction over loss of consortium claims. These Third Circuit decisions, however, turned on a then existing Pennsylvania law requiring that loss of consortium claims and personal injury claims be brought together.