Helen MONROE and Thomas
Monroe, Plaintiffs,

v.

Michael BROWN and Southern A.G.
Carriers, Inc., Defendants.

No. CIV.A. 03–T–188–N.

United States District Court,
M.D. Alabama,
Northern Division.

April 7, 2003.

Richard A. Lawrence, L. Scott Johnson, Jr., Montgomery, AL, for plaintiffs.

Randall C. Morgan, Hill, Hill, Carter, Franco, Cole & Black, Montgomery, AL, for defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiffs Helen and Thomas Monroe filed this personal injury action initially in state court, naming Michael Brown and Southern A.G. Carriers, Inc. as defendants. Plaintiffs claim that defendants negligently and wantonly caused Brown's motor vehicle to collide with Mrs. Monroe's. Mrs. Monroe seeks compensatory and punitive damages for medical expenses, physical pain and suffering, mental anguish, permanent injuries and disabilities, and aggravation of pre-existing conditions; Mr. Monroe seeks damages for loss of consortium. Based on diversity-of-citizenship jurisdiction, defendants removed this lawsuit to this federal court. Now before the court is plaintiffs' motion to remand. For the reasons that follow, the motion will be denied.

## I.

There is no dispute that this court has removal jurisdiction based on diversity of citizenship over Mrs. Monroe's claim. The amount in controversy for her claim is greater than $ 75,000; plaintiffs are citizens of Alabama; Brown is a citizen of Georgia; and Southern A.G. Carriers is incorporated, and has its principal place of business, in Georgia. Thus, for Mrs. Monroe's claim, both the amount-in-controversy and diversity-of citizenship requirements are met for original jurisdiction under 28 U.S.C.A. § 1332(a).[1] And because there is § 1332(a) original jurisdiction, the court also has removal jurisdiction under 28 U.S.C.A. § 1441(a).[2]

28 U.S.C.A. § 1367 provides for supplemental jurisdiction. Under subsection (a) to § 1367, when the court has original jurisdiction over a civil action, it also has supplemental jurisdiction over all claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A. § 1367(a).[3] A claim satisfies the "same case or controversy" requirement when it involves "the same facts, occurrences, witnesses, and evidence" as the claim over which the court has original jurisdiction. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1566 (11th Cir.1994). Moreover, subsection (a) to § 1367 permits courts to have supplemental pendent-party jurisdiction,

---

1. 28 U.S.C.A. § 1332(a) provides in part:

   "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between–
   (1) citizens of different States ...."

2. 28 U.S.C.A. § 1441(a) provides in part:

   "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division em-

   bracing the place where such action is pending."

3. 28 U.S.C.A. § 1367(a) provides as follows:

   "Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

that is, jurisdiction over claims brought by parties other than the party over which the court has original jurisdiction.

Supplemental pendent-party jurisdiction is limited, however, by subsection (b) to § 1367, which restricts the kinds of diversity cases over which the court may retain supplemental jurisdiction. Subsection (b) provides in part:

> "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

28 U.S.C.A. § 1367(b)

Mr. Monroe is a pendent party with a loss-of-consortium claim. His claim undoubtedly satisfies the requirements of subsection (a) to § 1367 as it involves the same set of facts, occurrences, witnesses, and evidence as Mrs. Monroe's claim does; it, therefore, forms part of the same case or controversy. Thus, the court has supplemental jurisdiction over Mr. Monroe's claim unless it falls within one of the exceptions listed in subsection (b).

## II.

Plaintiffs argue that subsection (b) prohibits the court from exercising supplemental jurisdiction over Mr. Monroe's claim because he was permissively joined under Rule 20 of the Federal Rules of Civil Procedure, a rule listed among the exceptions to supplemental jurisdiction in subsection (b). The court rejects this argument because a close reading of subsection (b) reveals that it prohibits supplemental jurisdiction only "over claims by plaintiffs *against* persons made parties under . . . Rule 20." (Emphasis added). Mr. Monroe's claim is not a claim *against* a person made a party under Rule 20; rather, because he is a plaintiff himself, it is a claim *by* a party joined pursuant to Rule 20.

■ Subsection (b) prohibits supplemental jurisdiction over claims *by* plaintiffs, like Mr. Monroe, only when they are "claims by persons proposed to be joined as plaintiffs under Rule 19 . . . or seeking to intervene as plaintiffs under Rule 24." 28 U.S.C.A. § 1367(b). Therefore, under subsection (b), "[c]laims *against* persons made parties under Rule 20 are forbidden, but claims *by* parties who join under Rule 20 are allowed." *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 932 (7th Cir.1996) (emphasis in original); *see also Sunpoint Securities, Inc. v. Porta*, 192 F.R.D. 716, 719 (M.D.Fla.2000) ("Supplemental jurisdiction is not precluded over claims by plaintiffs joined under Rule 20."); *El Chico Rests., Inc. v. Aetna Cas. and Sur. Co.*, 980 F.Supp. 1474, 1483 (S.D.Ga.1997) ("The plain language of § 1367(b) thus forbids claims by plaintiffs against parties joined under Rule 20, but allows claims by plaintiffs who have been joined under the same Rule.").

Thus, § 1367 permits supplemental pendent-party jurisdiction in diversity cases like the instant one.

## III.

Plaintiffs also maintain that Mr. Monroe must independently satisfy the requirements for diversity jurisdiction under 28 U.S.C.A. § 1332(a) because his claim is separate and distinct from Mrs. Monroe's claim, the claim over which this court has original jurisdiction. In *Davis v. Aul*, 723 F.Supp. 663, 665 (M.D.Ala.1989), then-

Chief Judge Truman Hobbs of this federal district court found that, under Alabama law, a husband's loss-of-consortium claim was a "separate and distinct demand" from his wife's personal-injury claim, and, thus, the husband, was required to meet independently the jurisdictional amount in order for the court to exercise pendent-party jurisdiction over his claim. Relying on *Davis*, plaintiffs contend that the court has no jurisdiction over Mr. Monroe's claim because it is a separate-and-distinct demand, and Mr. Monroe has failed to meet the jurisdictional amount.

*Davis* was decided before Congress enacted § 1367, the statute governing supplemental jurisdiction and clarifying the boundaries of what was formerly known as pendent jurisdiction. Section 1367 changed the landscape of pendent jurisdiction significantly. Defendants contend that § 1367 abrogated *Davis* and that, as a result, the court has supplemental jurisdiction over Mr. Monroe's loss-of-consortium claim. This court agrees.

*Davis* was based on the fact that, at that time, pendent-party jurisdiction had been "rejected in the context of diversity jurisdiction." 723 F.Supp. at 664 (internal quotations and citations omitted). However, the passage of § 1367 after *Davis* expressly allowed courts to exercise pendent-party jurisdiction over some diversity cases, including claims *by* a plaintiff who was joined under Rule 20.

In *Davis*, the court also relied heavily on the precedent set in *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973), where the Supreme Court found that each class member having a separate and distinct claim must meet the jurisdictional requirements of 28 U.S.C.A. § 1332. *Zahn* itself relied on the Supreme Court's decision in *Clark v. Paul Gray, Inc.*, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939). *Zahn*, 414 U.S. at 294, 94 S.Ct. at 509. The *Clark*

Court addressed the very issue in this case—whether district courts with original jurisdiction over one plaintiff may exercise jurisdiction over the claims of co-plaintiffs who do not meet the amount in controversy requirement—and found that each plaintiff making a separate demand must satisfy the jurisdictional-amount requirement. 306 U.S. at 589, 59 S.Ct. at 748. After the passage of § 1367, many courts found that § 1367 abrogates *Zahn*, and one found that it abrogates *Clark*.

Currently, while the Eleventh Circuit Court of Appeals has yet to rule on this issue, *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273–74 (11th Cir.2000) (declining to address the supplemental jurisdiction issue), other federal courts of appeals are split on the question of § 1367's abrogation of *Zahn*. Four appellate courts have found that § 1367 abrogated the holding in *Zahn*, *see Rosmer v. Pfizer, Inc.*, 263 F.3d 110 (4th Cir.2001); *Gibson v. Chrysler Corp.*, 261 F.3d 927 (9th Cir.2001); *Stromberg Metal Works, Inc. v. Press Mech., Inc.*, 77 F.3d 928, 930–31 (7th Cir.1996); and *In re Abbott Labs.*, 51 F.3d 524 (5th Cir.1995), *aff'd by an equally divided court sub nom Free v. Abbott Labs.*, 529 U.S. 333, 120 S.Ct. 1578, 146 L.Ed.2d 306 (2000) (per curium), while three have found that it did not, *see Trimble v. Asarco, Inc.*, 232 F.3d 946 (8th Cir.2000); *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214 (3d Cir.1999); *Leonhardt v. Western Sugar Co.*, 160 F.3d 631 (10th Cir.1998).

Only two courts of appeals have specifically addressed the jurisdictional-amount issue outside the context of a class-action suit. In *Stromberg Metal Works*, the Seventh Circuit Court of Appeals found that a co-plaintiff did not have to meet the jurisdictional amount in order for the court to exercise supplemental jurisdiction over his claim. 77 F.3d at 931–33. Its decision was based on its finding that § 1367 abrogated both *Zahn* and *Clark*. *Id.* In *Merit-*

*care Inc.,* the Third Circuit Court of Appeals found the opposite and held that § 1367 did not abrogate *Zahn* and *Clark.* 166 F.3d at 218.

Though only two appellate courts have addressed § 1367's effect on the jurisdictional-amount issue outside the context of class actions, many district courts have. Generally, these decisions fall along the lines of *Zahn.* If controlling circuit law is that *Zahn* was abrogated, district courts within that circuit have found that *Clark* was abrogated (whether making this finding expressly or implicitly), and they have further found that claims of pendent parties do not need to meet the jurisdictional amount. *See, e.g., Thomas v. Poole,* 2000 WL 158456, *2–*3 (E.D.La.2000); *Evans v. Plantation Pipe Line Co.,* 2002 WL 855913 (M.D.N.C.2002); *Liberty Mut. Ins. Co. v. Constr. Mgmt. Servs., Inc.,* 2001 WL 1159203, *4 (N.D.Ill.2001). If, however, controlling circuit law is that *Zahn* was not abrogated, the district courts within the circuit generally have held that the decision in *Clark* was not abrogated. *See e.g., Agre v. Rain & Hail LLC,* 196 F.Supp.2d 905, 908–09 (D.Minn.2002).

Though the Eleventh Circuit has not yet ruled on whether § 1367 abrogated *Zahn* and *Clark,* Chief Judge Harold Albritton of this district court has found that § 1367 abrogated *Zahn.* In *Chapman Funeral Home, Inc. v. Nat'l Linen Serv.,* 178 F.Supp.2d 1247 (M.D.Ala.2002), he held that the court had supplemental jurisdiction under § 1367 over class members who failed to claim the requisite amount in controversy. 178 F.Supp.2d at 1255. In doing so, he found that the "plain lan-

guage" of § 1367 allowed the court to "exercise supplemental jurisdiction over related claims even though the court would not have been able to exercise original jurisdiction over those claims." *Id.* at 1252.

This court finds the reasoning in *Chapman* to be sound, and will, therefore, follow it and the decisions of the appellate courts that have found that § 1367 abrogated *Zahn.* Moreover, this court finds that the reasoning of these courts applies not only in the context of class-action suits but also in the context of pendent-party claims. Thus, this court finds that, because § 1367 abrogated *Zahn,* it also abrogated *Clark. Stromberg,* 77 F.3d at 932; *see also Thomas v. Poole,* 2000 WL 158456, *2–*3 (E.D.La.2000) (because § 1367 abrogated *Zahn,* court had supplemental jurisdiction over co-plaintiff's claim which did not meet amount in controversy requirement); *Evans v. Plantation Pipe Line Co.,* 2002 WL 855913 (same); *Liberty Mut. Ins. Co. v. Constr. Mgmt. Servs., Inc.,* 2001 WL 1159203, *4 (N.D.Ill.2001) (same). Therefore, Mr. Monroe's loss-of-consortium claim need not meet § 1332's amount-in-controversy requirement.

### IV.

■ Finally, plaintiffs argue that this case may not be removed because 28 U.S.C.A. § 1441(c), which provides for removal of "separate and independent" claims in federal question cases, does not permit such removal in diversity cases.[4] Plaintiffs' argument is meritless because defendants removed this case pursuant to subsections (a) to § 1441,[5] not subsection (c).[6]

---

4. 28 U.S.C.A. § 1441(c) provides:

"Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district

court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

5. *See supra* note 2.

6. As discussed above, the court in *Davis v. Aul* found that a husband's loss-of-consortium

Because Mr. Monroe's claim forms part of the same case or controversy as Mrs. Monroe's claim, the court has supplemental jurisdiction over Mr. Monroe's claim and his claim need not independently meet § 1332's jurisdictional-amount requirement.

Accordingly, it is ORDERED that plaintiffs' motion to remand to state court, filed on February 21, 2003 (Doc. no. 4), is denied.

claim was "separate and distinct" from his wife's claim. It based its finding on the fact that Alabama law considers such a claim to be a separate right of action for recovery. 723 F.Supp. at 664. The term "separate and distinct" as defined in *Davis* should not be confused with the definition of a "separate and independent" claim under § 1441(c). "Separate and independent" claims which may be removed pursuant to § 1441(c) are those which are not "based on a common event or transaction." *In re City of Mobile,* 75 F.3d 605, 608 (11th Cir.1996). Where "a single accident occurred, and state and federal claims were filed based on that accident ... no separate independent claim exists." *Id.* Thus, while a loss-of-consortium claim might be "separate and distinct" in the sense that it is a separate cause of action under Alabama law, it is not "separate and independent" for the purposes of § 1441(c) when it arises from the same set of facts as a spouse's claim.